UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592<br>    PENSION FUND,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>    WELFARE FUND,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>    JOINT APPRENTICESHIP TRAINING FUND,<br>GENERAL BUILDING CONTRACTORS<br>    ASSOCIATION, INC. INDUSTRY<br>    ADVANCEMENT PROGRAM,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>    POLITICAL ACTION COMMITTEE,<br>CEMENT MASONS' UNION LOCAL 592<br>    OF PHILADELPHIA, PA; and<br>BILL OUSEY, a Fiduciary<br>2315 S. 22nd Street<br>Philadelphia, PA 19145,<br><br>               Plaintiffs,<br><br>    v.<br><br>BUD CONCRETE, INC.<br>133 Sewell Road<br>Sewell, NJ 08080<br><br>           Defendant. | CIVIL ACTION<br>NO. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132 and 1145 and 28 U.S.C. § 1367.

2.      A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3.      Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4.      Plaintiff Cement Masons' Union Local No. 592 Pension Fund ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).

5.      Plaintiff Cement Masons' Union Local No. 592 Welfare Fund ("Welfare Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (l), (2) and (3). The Welfare Fund is also known as and referenced as the "Cement Masons Local Union No. 592 Health and Welfare Fund" in the Labor Agreement(s) relating to this complaint.

6.      Plaintiff Cement Masons' Joint Apprenticeship Training Fund of Philadelphia and Vicinity ("Apprenticeship Fund" and, together with Pension Fund and Welfare Fund, "ERISA Funds") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (l), (2) and (3). The Apprenticeship Fund is also known as and referenced

as the "Joint Apprenticeship Training Fund" in the Labor Agreement(s) relating to this complaint.

7.     Plaintiff General Building Contractors Association Inc. Industry Advancement Program ("IAP") is a fund established by the General Building Contractors Association, Inc. for the purpose of fostering and advancing the interest of the general building construction industry in the Philadelphia metropolitan area.

8.     Plaintiff Cement Masons' Union Local No. 592 Political Action Committee ("PAC" and jointly with the IAP, "Associations") is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. for the purpose of advancing the political interests of the members of the Union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

9.     Plaintiff Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union") is an unincorporated association commonly referred to as a labor union and is an employee organization that represents, for purposes of collective bargaining, employees of Bud Concrete, Inc. ("Company" or "Defendant"), who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12). The Union is the authorized collection agent for PAC and IAP and is authorized to collect all monies due and owing to them, including field dues check-off.

10.     The Pension Fund, Welfare Fund, Apprenticeship Fund, IAP, PAC and Union (altogether "Plaintiffs") maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania.

11.     Plaintiff Bill Ousey ("Ousey") is a fiduciary with respect to the Pension Fund, Welfare Fund and Apprenticeship Fund within the meaning of 29 U.S.C. § 1002(21), Chairman

of the PAC and President and Business Manager of the Union, with a business address as listed in the caption. He is authorized to bring this action on behalf of all Trustees of the Pension Fund, Welfare Fund, Apprenticeship Fund, PAC and the Union. He is trustee ad litem for the IAP in connection with this action.

12.     Bud Concrete, Inc. ("Company"), is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office or registered agent at the address listed in the caption.

## COMMON FACTS

13.     At all times relevant to this action, Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). A copy of the Labor Contract and Company's signature page are attached collectively as Exhibit 1.

14.     Defendant also signed or agreed to abide by the terms of the trust agreements of the Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

15.     Under the Labor Contract or Trust Agreements and applicable law, Defendant is required:

    (a)     To make full and timely payments on a monthly basis to the Funds, Union and Associations as required by the Labor Contract;

    (b)     To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

(c)     To produce, upon request by the Funds individually or jointly, all books and records deemed necessary to conduct an audit of their records concerning their obligations to the Funds, Union and Associations; and

(d)     To pay liquidated damages, interest and all costs of litigation, including attorneys' fees, expended by the Funds, Union and Associations to collect any amounts due as a consequence of the Defendant's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

16.     Plaintiffs and Defendant are the same parties in a previous lawsuit, *Cement Masons Union Local No. 592 Pension Fund, et al. v. Bud Concrete, Inc.,* 2:15-cv-05517-JP (E.D.Pa) ("First Action").

17.     Defendant failed to plead or otherwise appear in the First Action and on March 16, 2016, this Court granted Default Judgment in favor of Plaintiffs and against Defendant in the amount of $62,577.47. First Action, ECF No. 10.

18.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### ERISA FUNDS
### v.
### COMPANY

19.     The allegations of Paragraph 1 through 18 are incorporated by reference as if fully restated.

20.     Based on information currently available to the ERISA Funds, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from March 2015 through August 2016 of at least $141,094.21 in contributions, $3,650.06 in interest on the

delinquent contributions through September 19, 2016, and $28,218.84 in liquidated damages ($172,963.11 total), in violation of 29 U.S.C. § 1145.

21.     The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit together with late charges, interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2).

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PLAINTIFFS
### v.
### COMPANY

22.     The allegations of Paragraphs 1 through 18 are incorporated by reference as if fully restated.

23.     The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the ERISA Funds.

24.     Based on information currently available to the Plaintiffs, Company has failed to pay amounts of at least of at least $141,094.21 in contributions, $3,650.06 in interest on the delinquent contributions through September 19, 2016, and $28,218.84 in liquidated damages ($172,964.11 total) for the period March 2015 through August 2016.

25.     Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III – INJUNCTION

### PLAINTIFFS
### v.
### DEFENDANT

26.     The allegations asserted in Paragraphs 1 through 25 are incorporated by reference as if fully restated.

27.     A money judgment or other remedy available at law is inadequate because Defendant has consistently disregarded its contractual and legal obligations, as demonstrated by a pattern of delinquencies, late payment of contributions and failure to submit monthly remittance reports.

28.     Unless ordered by the Court, Defendant will continue to refuse to submit remittance reports and/or pay contributions presently due, or which become due in the future, and the Funds and their participants will be irreparably damaged.

**WHEREFORE**, Plaintiffs, for themselves and on behalf of the Funds, ask the Court to permanently restrain and enjoin Defendant, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them from:

(1)     Continuing to violate the terms of the current collective bargaining agreement between Defendant and the Union (including its affiliated locals and district councils);

(2)     Violating such other collective bargaining agreements as may be entered by the parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as Defendant is contractually required to do so; and

*This space intentionally left blank*

(3)      Grant such other or further legal or equitable relief as may be just, necessary or

appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: _____
MAUREEN W. MARRA (ID NO. 309865)
1835 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 351-0647
Fax: (215) 922-3524
mmarra@jslex.com / usdc-edpa-erisa@jslex.com

Date: ___5/9/17___                    Attorney for Plaintiffs